MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Acting Chief, Criminal Division

BRIAN C. LEWIS (DCBN 476851)
Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Facsimile: (415) 436-7234
   E-Mail: brian.lewis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0613 RS |
|    Plaintiff, ) | |
|   v. ) | [PROPOSED] ORDER OF DETENTION |
| JOHN ANGILERI, ) | |
|    Defendant. ) | |

     The parties appeared before the Honorable Joseph C. Spero on October 27, 2010 for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Daniel Blank. The government was represented by Assistant United States Attorney Brian Lewis.

     The government requested detention, submitting that no condition or combination of conditions of release would reasonably assure the safety of the community or the appearance of the defendant as required.

     Pretrial Services submitted a report recommending detention, concluding that if released the defendant's presence for trial could not be reasonably assured and that the defendant would

[PROPOSED] ORDER OF DETENTION
CR 10-0613 RS

1 pose a danger to the community.

2     Upon consideration of the Pretrial Services report, the court file, and the party proffers as
3 discussed below, the Court finds (i) by clear and convincing evidence that no condition or
4 combination of conditions of release would reasonably assure the safety of the community and
5 (ii) by a preponderance of the evidence that no condition or combination of conditions of release
6 would reasonably assure the appearance of the defendant as required. The Court, therefore,
7 orders the defendant detained.

8     The present order supplements the Court's findings on the record at the detention hearing
9 and serves as the written findings of fact and statement of reasons required by 18 U.S.C.
10 § 3142(i).

11     The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
12 Court must consider in determining whether pretrial detention is warranted. In coming to its
13 decision, the Court has considered those factors, paraphrased below:

14     (1) the nature and seriousness of the offense charged;
15     (2) the weight of the evidence against the person;
16     (3) the history and characteristics of the person including, among other
17         considerations, employment, past conduct and criminal history, and records
18         of court appearances; and
19     (4) the nature and seriousness of the danger to any person or the community that
20         would be posed by the person's release.
21 18 U.S.C. § 3142(g).

22     Defendant John Angileri is charged in both counts of a two-count indictment with
23 violating 21 U.S.C. § 846 (Conspiracy to Distribute 5 Grams or More of Methamphetamine) and
24 21 U.S.C. § 841(a)(1),(b)(1)(B)(viii) (Distribution and Possession with the Intent to Distribute 5
25 Grams or More of Methamphetamine).

26     In considering all of the facts and proffers presented at the hearing, the Court finds the
27 following factors among the most compelling in reaching its conclusion that no combination of
28 conditions could reasonably assure the defendant's appearance as required or the safety of the

[PROPOSED] ORDER OF DETENTION
CR 10-0613 RS     -2-

community:

First, the defendant appears to have an addiction to methamphetamine that dates back 14 years.

Second, the defendant failed to appear to at least one previous court appearance.

Third, the defendant has had 16 bench warrants issued for him.

Fourth, the defendant has had 18 parole or probation revocations or modifications based on his conduct.

Fifth, the defendant has five felony convictions for drug trafficking.

These factors, among others adduced at the hearing, demonstrate (i) by clear and convincing evidence that if released the defendant would be a danger to the community and (ii) by a preponderance of the evidence that if released the defendant would not appear as required.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: 10/28/10

JOSEPH
United States Magistrate Judge

*Judge Joseph C. Spero*

[PROPOSED] ORDER OF DETENTION
CR 10-0613 RS                                              -3-